# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                      Case No. 04C0585

**CERTAIN REAL PROPERTY**
**commonly known as**
**3200 UPPER WOODLAND DRIVE,**
**COLGATE, WISCONSIN**
        Defendant.

## ORDER FOR INTERLOCUTORY SALE OF DEFENDANT PROPERTY

The United States has filed a motion requesting that the Court order the interlocutory sale of the defendant property pursuant to the provisions of Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Title 18, United States Code, Section 983(j), and Title 28, United States Code, Section 2001(b). On December 1, 2005, the Court held a telephonic status conference concerning the sale of the property. All interested parties were represented. At that telephone conference, claimants Edward and Heather Eks' counsel indicated that they consented to the sale. At a telephone conference held on February 14, 2006, the Eks' counsel again indicated that the Eks consented to the sale. Moreover, by letter dated February 16, 2006, the Eks' counsel confirmed that both claimants acquiesced to the interlocutory sale of the property. Therefore, upon due consideration,

      **IT IS ORDERED** that the government's motion is **GRANTED**.

      **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**:

1. Pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(j), the defendant property shall be sold by interlocutory sale to preserve its value pending a final adjudication of the government's forfeiture claim.

2. The best interests of the estate will be conserved by a private sale of the defendant property pursuant to 28 U.S.C. § 2001(b), rather than a public sale.

3. Upon entry of this order, the United States Marshal Service shall seize and take custody of the defendant property and will maintain custody of said property until the date of sale. The United States Marshal Service is authorized to change the locks on the defendant property and to perform any and all maintenance activities and repairs deemed necessary to prepare the defendant property for sale.

4. The United States Marshal Service shall retain a licensed, certified real estate broker to market, solicit offers to purchase, and sell the defendant property. The real estate broker shall be paid the usual and customary commission and/or fees from the proceeds of the sale of the defendant property, not to exceed seven percent.

5. Pursuant to 28 U.S.C. § 2001(b), the following three disinterested appraisers are hereby appointed by the Court to appraise the fair market value of the defendant property:

    A. National Appraisers of Milwaukee, Wisconsin;
    B. Edward J. Winkler Inc. of Milwaukee, Wisconsin; and
    C. Accredited Auctioneers of Madison, Wisconsin.

The appraisers shall submit their appraisal reports to the United States Marshal Service no later than one month after the date of entry of this order.

6. After the appraisal reports have been completed, the government will promptly file the reports with the Court. The offering price of the defendant property shall be the median appraised value of the appraisal reports filed with the Court.

7. The defendant property shall be sold for cash and subject to the mortgage lien of claimant Wells Fargo Home Mortgage Corporation.

8. No sale of the defendant property shall be confirmed at a price less than two-thirds of the offering price of the defendant property. If the highest and best offer to purchase the defendant property is less than 90% of the offering price, the sale shall go forward only if the Court agrees to the conditional acceptance of the offer. The United States Marshal Service is authorized to conditionally accept any offer to purchase the defendant property that is 90% or more of the offering price.

9. The United States Marshal Service shall publish the terms of the conditionally accepted highest and best offer to purchase the defendant property in the Milwaukee Journal Sentinel, a newspaper of general circulation.

10. If a bona fide offer to purchase, which guarantees at least a 10% increase over the published offering price, is tendered to the United States Marshal Service within 10 days of the date of publication of the conditionally accepted offer to purchase, then the sale of the defendant property pursuant to the conditionally accepted offer to purchase shall not be confirmed by the Court. Any such bona fide offer may be conditionally accepted without the need for further publication. If no such bona fide offer to purchase is received by the United States Marshal Service within the prescribed time period, then the sale of the defendant property shall be considered confirmed by the Court and the

United States Marshal Service is authorized to proceed to consummate the sale of the defendant property.

11.  The proceeds from the sale of the defendant property shall be distributed according to the following schedule:

> A.  First, to the extent authorized by law, the United States of America will pay, or cause to be paid, to claimant Wells Fargo Home Mortgage, by and through its attorney, Chris J. Trebatoski, the principal amount of $165,765.84 + $5,308.16 in interest for a total sum of approximately $171,074.00 as of May 6, 2005, with $28.21 per diem thereafter to the date of sale;
>
> B.  Second, the expenses of the United States Marshal Service, including but not limited to, appraisal fees, real estate broker commissions, real estate taxes, insurance, maintenance costs, and any other expenses of the sale; and
>
> C.  Third, the remainder of the sale proceeds of the property shall be deposited into the United States Marshal Service Seized Assets Deposit Fund.

12.  The net proceeds realized from the sale of the defendant property shall represent a "substitute _res_" for the defendant property in this action and shall be held pending further order of the Court.

Dated at Milwaukee, Wisconsin this 13 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge

Order entered this 13 day of March, 2006.

SOFRON B. NEDILSKY
Clerk of Court

By:

/s_____
Jon Deitrich, Deputy Clerk

4